## R. A. ARMITAGE *v.* RECTOR, RATLIFF & Co.

1. ATTACHMENT. *Writ issued by one justice of peace returnable before another. Omission of name waived.*

   Where a writ of attachment issued by a justice of the peace in one district, returnable to "a justice's court to be held at" a place named in another district, omits the name of the justice before whom it is to be returned, such omission is waived by the appearance of the parties and the trial of the case before a justice of the peace at the place named in the writ.

2. SAME. *Action instituted before one justice, tried before another. Filing of papers. Transcript. Presumption.*

   And the objection, on appeal to the circuit court in such case, that the affidavit and bond were filed with, and the writ returned to, the justice before whom the action was instituted, instead of being filed with and returned to the trial justice, is obviated by the transcript of the latter showing that those papers are a part of the record of the case in his court, it being presumed that they were delivered to the trial-justice after having been deposited with the other justice.

3. ASSIGNMENT. *By debtor for creditors. · Direction as to collection of assets. Whether fraudulent.*

   An assignment by an insolvent debtor for the benefit of his creditors, which directs that the assignee shall collect the choses in action as fast as practicable, and, after the expiration of twelve months shall sell all remaining uncollected and being uncollectible at public auction, is not *per se* fraudulent, on the ground that it illegally impresses the will of the debtor upon the trust created.

4. SAME. *Provision in favor of debtor's attorneys. Effect.*

   The provision in such assignment that the assignee " shall first pay the costs of executing this trust, including two hundred and fifty dollars to M., my attor-

ney, and two hundred dollars to W. & W., attorneys," is of doubtful meaning, but as such doubt must be construed in favor of the validity of the assignment, it does not render the same fraudulent upon its face.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

R. A. Armitage made an assignment for the benefit of his creditors and was afterward sued in attachment by Rector, Ratliff & Co., upon the ground that he had assigned or disposed of his property with intent to defraud his creditors, and for other causes. The writ of attachment was issued by a justice of the peace of one district and made returnable to "a justice's court to be held at Utica," in Hinds County—in a different justice's district, without naming the justice to whose court it was returnable. The defendant was served with notice, and certain property was levied on under the writ. On the return day named in the writ the parties appeared before J. B. Collins, a justice of the peace, the truth of the alleged causes of attachment was traversed, judgment was rendered for the defendant, and the plaintiffs appealed to the circuit court, and the justice of the peace transmitted a certified copy of the record of the proceedings and the original papers in the cause to the circuit clerk.

In the circuit court the defendant moved to quash the writ of attachment and dismiss the cause, for the reasons, among others, that the writ was issued by S. Hunter, a justice of the peace in the fourth supervisor's district, and was not made returnable to any court, and that the writ was returned to, and the bond and affidavit filed in, Hunter's court, in the Fourth Supervisor's District of Hinds County, while R. A. Armitage had his place of residence in the third supervisor's district of said county. This motion was overruled and the trial resulted in a judgment against the defendant, and he appealed and assigns for error the action of the court in overruling his motion to quash the writ and dismiss the cause, and in instructing the jury that the deed of assignment read in evidence was fraudulent and void on its face and justified the attachment.

The deed of assignment referred to contains the provision that

" said assignee shall take possession of all said assets at once, and it shall be his duty to collect the notes, accounts, and other debts here assigned as early as practicable, by suit or otherwise, as may be to the interest of all parties concerned in the assignment; and such as cannot be collected he is—after giving twenty days' notice of sale by advertisement in some public newspaper published in Hinds County, stating time, place, and terms of sale—to sell at public outcry in Utica for cash to the highest bidder, but this sale shall not be made until after the expiration of twelve months from this date." It also provides that the assignee shall, as early as practicable, distribute the money realized in the following manner: " He shall first pay the cost of executing this trust, including reasonable compensation for himself and two hundred and fifty dollars to J. K. McNeely, my attorney, and two hundred dollars to Wells & Williamson, attorneys."

*Wells & Williamson* and *J. K. McNeely,* for the appellant.

1. We claim that to have given J. B. Collins jurisdiction to have tried the case the following steps should have been taken by the plaintiffs, which were not taken : (1) The affidavit which was made before Hunter should have been returned by him to Collins, and by him filed in his court; (2) the same errors appear as to the bond, which was also taken and approved by Hunter; (3) the writ was issued by Hunter, but was never returned anywhere until it was filed in the circuit court. See §§ 2416, 2475, Code 1880; Acts of 1884, p. 78.

2. The writ was defective in not naming the justice before whom it was to be returned. Upon this ground, in connection with the reasons above stated, the motion to quash should have been sustained.

3. The wording of the provision in the assignment for sale of the choses in action leaves it to the assignee to make said sale whenever he is satisfied he cannot collect them, and only limits him as to time he shall not do it—to wit, twelve months. He cannot do it inside of twelve months, but he can be as long afterward as he might deem it to the interest of creditors, and he is only to sell such as " cannot be collected." The principle laid down in

*Wickham* v. *Green,* 61 Miss. 463, controls this branch of the case. See also 59 Miss. 71, 90, 105, 114.

4. It was gravely argued in the court below that the words " two hundred dollars to Wells & Williamson, attorneys," used in the assignment, rendered it void on its face.

In *Mattison* v. *Judd,* 59 Miss. 103, this court says : " A presumption of an intent to defraud is not to be indulged in, but the contrary is the legal intendment which must prevail until it is overcome by *reasonable certainty* that the thing complained of is such as the law condemns." It is only when the authority is express to do an illegal act that the instrument will be held void.

*D. Shelton,* for the appellees.

That clause of the assignment providing for the payment of the debtor's attorneys renders the deed void on its face. It supplants any duty or discretion in the trustee as to the matter under consideration, and imposes on him the debtor's two lawyers throughout the whole progress of executing the trust, and makes it his trust duty to pay them the salaries stipulated in the trust-deed whether they do much, little, or nothing, and whether or not the trustee and creditors want their services.

That, I think, is a fraud on the face of the trust, for it robs the creditors and their trustee of the control which they ought to have in executing the trust, and puts that control in the hands of the debtor's lawyers and forces the assignee and creditors to pay the salaries of his lawyers. 59 Miss. 102 ; 60 Miss. 112.

I think there is another fatal point on the face of the deed. It gives to the assignee no power to sell goods or choses in action by auction until after one year from the date of the trust-deed. All the creditors who accept the assignment will have been hindered and delayed at least a year, and all except the two preferred creditors will have been defrauded of their debts.

Justice Hunter had legally the right and power to take the affidavit, accept the bond, and issue the attachment just as he did, returnable " before another justice of another district in which the defendant or his property may be found." Code of 1880, § 2475. Surely no court would quash an attachment for the insignificant

*verbal* omission of the justice's name from the writ, when in fact the attachment intelligibly cites the party to the right court on the right day, when and where both parties submitted to the jurisdiction of the court and fought out the conflict.

*Calhoon & Green,* on the same side.

If a failing debtor can select not only his assignee but his assignee's attorney, his clerks and assistants, and not only this but specify the particular arbitrary sums he shall pay to each, *whether any service is rendered or not,* and compel acceptance of the instrument as valid on its face by his creditors, then they may bid a long farewell to all their rights.

" He may not impress his will upon the future management of the trust estate to the injury of his creditors." *Richardson* v. *Stapleton,* 60 Miss. 112. See particularly Wait on Fr. Con. 335; *Hill* v. *Agnew,* 12 Fed. Rep. 233 ; *Mattison* v. *Judd,* 59 Miss. 102.

The assignment is also invalid on its face because it prohibits the sale of uncollectible choses in action for twelve months. It might become important that a court of equity should decree their sale sooner. This is impressing the will of the grantor on the management of the trust to an unwarranted degree. The prohibition is as obnoxious and upon identically the same reasoning as would be a command to sell within twelve months, a command held as vitiating the instrument in *Richardson* v. *Stapleton, supra.*

The instrument is void for another reason. It, in effect, postpones any distribution until twelve months elapse.

ARNOLD, J., delivered the opinion of the court.

The motion to quash the writ and dismiss the cause was properly overruled. The statute provides that any justice of the peace may issue attachments in cases within his jurisdiction as to amount, returnable before himself or any other justice of the peace of any district in which the defendant or any of his property or effects may be found (Code, § 2475, Acts 1884, 78), and the affidavit and bond in such case is to be returned to the court to which the writ is made returnable. Code, § 2416. If the affidavit, writ, and

bond were filed in the office of Hunter, as alleged, they must have been returned by him afterward to Collins, since it appears from the transcript of the latter, filed in the circuit court, that they were a part of the record in the cause in his court.

The writ of attachment should have designated the justice of the peace before whom it was returnable, but as the defendant in attachment appeared before Collins on the return-day named in the writ and made no objection thereto, no injury resulted to him on account of the defect in the writ.

It was error to instruct the jury that the deed of assignment was fraudulent and void on its face. It cannot be said that the deed expressly conferred upon the trustee any power to do an illegal act, or that it impressed the will of the grantor upon the future management of the trust-estate in such manner as to injure his creditors, or that it was clearly fraudulent and it should not have been condemned as such by the court. *Mattison* v. *Judd et al.,* 59 Miss. 99. The provision in the deed in regard to the payment of attorneys is of doubtful meaning, but upon well-settled principles any doubt which arises in the construction of the instrument must be resolved in favor of its validity. *Mattison* v. *Judd et al., supra.*
*Reversed.*